CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/23/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BRIAN JEFFREY HALL, JR., <br><br> *Plaintiff*, <br> v. <br><br> NCB MANAGEMENT SERVICES, INC., ET AL., <br><br> *Defendants*. | CASE NO. 6:25-CV-00076 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

In this Fair Credit Reporting Act ("FCRA") case, NCB Management Service, Inc. ("NCB") has moved for judgment on the pleadings. NCB argues that the *pro se* Plaintiff Brian Hall ("Hall") failed to plead an essential element of an FCRA claim—the filing of a dispute with a credit report agency. NCB's motion will be granted. Moreover, after conducting an initial screening of Hall's *in forma pauperis* pleadings, the Court will dismiss all other claims, as well.

### I.  Background

Hall wrecked a 2017 Nissan Frontier that was declared a total loss by Allstate Insurance. Dkt. 3 ¶ 6. Hall's GAP insurance policy covered the amount he still owned on the vehicle—$2,470.52. *Id.* ¶¶ 6, 9. Despite the account balance being satisfied, Hall alleges that Defendant Santander Consumer USA, Inc. ("Santander") reported a "charged off" balance to Experian. *Id.* ¶ 8. He also alleges that NCB attempted to collect the remaining balance on the loan despite the balance being covered by GAP insurance. *Id.* ¶ 8. He claims that he "disputed the account," but that "Defendants verified inaccurate information instead of conducting a reasonable investigation."

*Id.* ¶ 10. According to Hall, Defendants' actions caused "financial loss, credit damage, and emotional distress." *Id.* ¶ 11.

Hall filed a Complaint, Dkt. 1, and Amended Complaint, Dkt. 3, alleging violations of the FCRA. NCB filed an Answer, Dkt. 8, and Amended Answer, Dkt. 22. NCB also filed a Motion for Judgment on the Pleadings, Dkt. 15, arguing that Hall "did not allege he disputed the debt with a consumer reporting agency ('CRA'), as is required to state a claim under § 1681s-2(b)." *See* Dkt. 16 at 1. Hall filed a Response in Opposition, Dkt. 25, asserting that NCB's Rule 12(c) motion is procedurally improper because discovery is still open. He also asserts that he "pleaded sufficient facts under the FCRA and FDCPA" and that "judgment on the pleading is not appropriate." *Id.* at 4. However, Hall never addresses NCB's argument that his Amended Complaint fails to allege that he disputed his debt with Experian or any other credit report agency—a prerequisite to filing a FCRA claim.

## II.    Legal Standard

A party may move for judgment on the pleadings after the pleadings are closed.[1] Fed. R. Civ. P. 12(c). Rule 12(c) motions are designed to dispose of cases when material facts are not in dispute and the court can judge the case on its merits considering only the parties' respective pleadings, Fed. R. Civ. P. 7(a), judicially noticed facts or matters of public record, and documents attached as exhibits to the pleadings or to the Rule 12(c) motion that are integral to the complaint and authentic. *See Atl. Specialty Ins. Co. v. Bindea*, 632 F. Supp. 3d 681, 693 (W.D. Va. 2022); *see also Jones v. Penn Nat. Ins. Co.*, 835 F. Supp. 2d 89, 93 (W.D.N.C. 2011) (citing *A.S. Abell Co. v.*

---

[1]    "The pleadings are closed when the defendant files an answer." *Taccino v. Ford Motor Co.*, 2019 WL 10894097, at *2 (D. Md. June 14, 2019) (citing *Burbach Broad. Co. of Del.*, 278 F.3d at 405).

*Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964)). Courts apply the same standard that is applied to Rule 12(b)(6) motions to Rule 12(c) motions for judgment on the pleadings. *See Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002).

As with a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6), when evaluating a Rule 12(c) motion, the Court "does not resolve contests surrounding the facts … or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Instead, the Court should only grant a Rule 12(c) motion if, "accepting as true all well-pleaded allegations ... and drawing all reasonable factual inferences in the plaintiff's favor," *Belmora, LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016), the plaintiff's complaint does not "state[ ] a plausible claim for relief" against the moving defendant, *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III.   Discussion

As an initial matter, Hall is proceeding *pro se* and the Court must construe his Amended Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with the required liberal construction, Hall's Amended Complaint fails on its face.

### A.   The Fair Credit Reporting Act

The FCRA prohibits a person from providing inaccurate information "relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). The FCRA also requires those who "regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies" to correct and update information provided to CRAs so that the information is

"complete and accurate." *Id.* § 1681s–2(a)(2). There is no private right of action under § 1681s–2(a). *Id.* § 1681s–2(c), (d); *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008). However, a private right of action does exist under 15 U.S.C. § 1681s–2(b) when a consumer disputes information furnished by the creditor to a CRA. *See Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 245 (4th Cir. 2025). If a consumer disputes the information with the CRA, the CRA must notify the creditor about the dispute. *Id.* Once the creditor is notified about the dispute—either directly by the consumer or indirectly by a CRA—the creditor must: (i) investigate the dispute; (ii) report the results of the investigation to the consumer reporting agency; and (iii) if any information was inaccurate, report the results of the investigation to the other CRAs. *Id.*

Here, Hall's threadbare Amended Complaint asserts that he "disputed the account." Dkt. 3 ¶ 10. However, Hall does not say to whom he directed his dispute. Did he dispute his account with NCB? Experian? Someone else? There is simply no way of telling from the allegations whether NCB provided inaccurate information to a CRA, whether Hall disputed that information with NCB or a CRA, or whether NCB had notice of that dispute. For example, if Hall disputed the information with Experian and Experian never notified NCB, Hall has no claim against NCB. Because Hall never alleges that NCB had notice of the dispute, NCB's Motion for Judgment on the Pleadings as to Hall's FCRA claim must be granted and that claim must be dismissed.

The other Defendant in this case, Santander, has not been served. Plaintiff recently filed a motion asking that the Court direct the U.S. Marshals Service to serve Santander. *See* Dkt. 37. However, before putting the Marshals Service to the time and expense of serving Santander, the Court must conduct an initial screening of Hall's *in forma pauperis* pleadings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The Court must *sua sponte* dismiss any cause of action that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The allegations against Santander fail for the same reasons the allegations against NCB fail. Although Hall alleges that Santander reported "a charged off balance to Experian," Dkt. 3 ¶ 8, he does not allege that he disputed that information with Santander, Experian or any other CRA. He also does not allege that Santander had direct or indirect notice of the dispute. Accordingly, Hall fails to state a FCRA claim against Santander and that claim must also be dismissed.

### B. The Fair Debt Collection Practices Act

Hall's Amended Complaint only cites the FCRA—it never references the Fair Debt Collection Practices Act ("FDCPA"). However, Hall does allege that "NCB attempted to collect a balance of $2,470.52 despite GAP coverage," Dkt. 3 ¶ 9, and his Response in Opposition references the FDCPA, Dkt. 25 at 4. Out of an abundance of caution, the Court will consider whether Hall has stated an FDCPA claim against NCB. He has not.

The FDCPA was enacted to curb "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Importantly, it only applies to communications sent in connection with the collection of a debt. *See id.* § 1692e (prohibiting false, deceptive, or misleading representations "in connection with the collection of any debt"); *id.* § 1692f (prohibiting unfair or unconscionable means "to collect or attempt to collect any debt").

Although there is no bright-line rule, "[d]etermining whether a communication constitutes an attempt to collect a debt is a commonsense inquiry that evaluates the nature of the parties' relationship, the [objective] purpose and context of the communication [ ], and whether the communication includes a demand for payment." *In re Dubois*, 834 F.3d 522, 527 (4th Cir. 2016) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010)). Generally, communications do not implicate the FDCPA if they are: (1) for "informational purposes only," (2) "non-threatening," or (3) contain "clear and unequivocal disclaimers" that they are not

5

attempting to collect debt under certain circumstances. *See Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 311 (4th Cir. 2016) (unpublished).

Hall provides no details about whether he received a direct communication from NCB, and if so, what that communication said. Unlike the plaintiff in the *Koontz* case—who provided detailed allegations about the contents of the letters he received—Hall has not alleged any facts that would allow this Court to infer that NCB was a debt collector, that it made "false, deceptive or misleading representations" as a means of debt collection, or that it used "unfair or unconscionable means" to collect the debt. *E.g.*, *Koontz v. SN Servicing Corp.*, 133 F.4th 320, 327 (4th Cir. 2025) (detailing the types of allegations that are sufficient to state an FDCPA claim). Accordingly, even if Hall's Amended Complaint sufficiently identified an FDCPA claim, that cause of action would still fail as a matter of law.

## IV.   Conclusion

For the foregoing reasons, Hall's Amended Complaint must be dismissed without prejudice.

A separate Order will follow.

Entered this 23rd day of December, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE